IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TRAFALGAR POWER, INC., *et al.,*

        Plaintiffs,

                              Civil Action No.
                              5:05-CV-1533 (DNH/DEP)

  vs.

U.S. BANK NATIONAL ASSOCIATION,
f/k/a State Street Bank & Trust Company
of Connecticut,

        Defendant.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFFS:

HARRIS, BEACH PLLC           PAUL J. YESAWICH , III, ESQ.
99 Garnsey Road                   DAVID J. EDWARDS, ESQ.
Pittsford, NY 14534               LAURA W. SMALLEY, ESQ.


FOR DEFENDANT:

SHIPMAN & GOODWIN LLP       KATHLEEN M. LAMANNA, ESQ.
One Constitution Plaza           MARK OSTROWSKI, ESQ.
Hartford, CT 06103-1919       JILL M. O'TOOLE, ESQ.

BOND, SCHOENECK & KING PLLC  BRIAN J. BUTLER, ESQ.
One Lincoln Center               COLIN M. LEONARD, ESQ.
Syracuse, NY  13202

<u>FOR NON-PARTY BERNHART SCHOBER</u>

BOIES SCHILLER LAW FIRM          JASON CYRULNIK, ESQ.
333 Main St.
Armonk, New York  10504

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in connection with this action is an application by defendant U.S. Bank National Association f/k/a State Street Bank & Trust Company of Connecticut, pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling discovery.  Dkt. No. 78. Defendant's motion raises two issues, the first addressed the sufficiency of responses by plaintiffs Trafalgar Power, Inc., and Christine Falls of New York, Inc., to a set of thirty-two interrogatories served on March 13, 2009. *See id.*  The second issue concerns plaintiffs' assertion of work-product protection surrounding the retention of an individual, identified as Jack Blum, to conduct an investigation regarding the action.  Plaintiffs have opposed defendants' motion.  Dkt. No. 79.

Oral argument was held in connection with defendant's motion during a digitally recorded telephone conference held on October 28,

2009.  At the close of that telephone conference a bench decision was issued denying the portion of defendants' motion addressing interrogatories nos. 1 through 11 and 21 through 32, as moot, without prejudice, and reserving decision with respect to the remaining issues.  A second digitally recorded telephone conference was conducted on October 29, 2009 to address the remaining issues.

Based upon the foregoing and the court's bench decisions of October 28 and 29, 2009, which are incorporated herein by reference, it is hereby

ORDERED as follows:

1)     Defendant's motion to compel responses to interrogatories nos. 12, 14, 15, 18, and 19 of defendant's first set of interrogatories, dated March 13, 2009, is GRANTED.

2)     On or before November 13, 2009, plaintiffs shall provided proper responses to those interrogatories.  In those responses, any reference to a document shall identify such document with sufficient specificity, such as, for example, a bates number, in order to permit defendants to identify the document referenced.

3)     Defendant's motion to compel plaintiff's response to

interrogatories nos. 1 through 11 and 21 through 32, is DENIED, without prejudice.

4)   Defendant's application for an order compelling plaintiffs' response to interrogatories nos. 13, 16, 17, and 20 is DENIED.

5)   Defendant's application to compel further discovery regarding the investigation being undertaken by Jack Blum, including though not limited to conducting the further deposition of Arthur Steckler and the deposition of Jack Blum, is DENIED, without prejudice.

6)   In the event that plaintiffs intend to offer at trial any information developed, directly or indirectly, through the investigation of Jack Blum, that information must be properly and fully disclosed to defendant on or before November 30, 2009.  Any evidence developed, directly or indirectly, through the Blum investigation that is not disclosed to the defendant on or before that date will be precluded from admission at trial.

7)   In the event of plaintiffs' disclosure on or before November 30, 2009 of information arising out of the Blum investigation, defendant is hereby permitted to conduct additional discovery with regard to the matter, including the further deposition of Arthur Steckler and the deposition of Jack Blum, on or before December 31, 2009, not- withstanding that the

deadline for fact discovery will have passed prior to that time.

      8)    Any written documents within plaintiffs' possession, custody or control pertaining to the Blum investigation and withheld under color of work-product protection must be identified on a privilege log to be served upon defendant in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

      9)    No costs or attorney's fees are awarded to any party in connection with the defendant's motion.

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated:    November 3, 2009
              Syracuse, NY