IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TRAFALGAR POWER, INC., *et al.,*

        Plaintiffs,

                                   Civil Action No.
                                   5:05-CV-1533 (DNH/DEP)

   vs.

U.S. BANK NATIONAL ASSOCIATION,
f/k/a State Street Bank & Trust Company
of Connecticut,

        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFFS:

HARRIS, BEACH PLLC               PAUL J. YESAWICH, III, ESQ.
99 Garnsey Road                      DAVID J. EDWARDS, ESQ.
Pittsford, NY 14534                LAURA W. SMALLEY, ESQ.

FOR DEFENDANT:

SHIPMAN & GOODWIN LLP          KATHLEEN M. LAMANNA, ESQ.
One Constitution Plaza             MARK OSTROWSKI, ESQ.
Hartford, CT 06103-1919          JILL M. O'TOOLE, ESQ.

BOND, SCHOENECK & KING PLLC   BRIAN J. BUTLER, ESQ.
One Lincoln Center                  COLIN M. LEONARD, ESQ.
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in connection with this action is a motion by the plaintiffs seeking an order pursuant to Rule 37 of Federal Rules of Civil Procedure compelling discovery. Dkt. No. 83. In their motion, plaintiffs have raised three issues, arguing that 1) U.S. Bank National Association ("U.S. Bank") should be required to produce a witness designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure to testify concerning various topics specified in plaintiffs' deposition notice and to bind the defendant and testify regarding events, policies and practices of State Street Bank & Trust Company of Connecticut ("State Street Bank") predating the defendant's acquisition of a portion of its operation on or about January 1, 2003; 2) defendant should be required to produce minutes of meetings of the Corporate Trust Groups of State Street Bank and U.S. Bank, including of monthly meetings of the "Default Group", and minutes of similar triennial meetings of the Corporation Trust Department of U.S. Bank after assumption by U.S. Bank of responsibilities for those matters, as testified to by Robert Butzier on October 14, 2009; and 3) plaintiffs should be permitted to serve

requests for admissions despite passage of the controlling discovery deadline. Defendant has opposed plaintiffs' motion. Dkt. No. 85.

Oral argument was conducted in connection with plaintiffs' motion on November 25, 2009 during a digitally recorded telephone conference at which a court reporter was also present. During that hearing I issued oral rulings with regard to plaintiffs' motion, addressing each of the three topics raised in their motion.

Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1) On or before December 31, 2009 defendant shall produce one or more officers, directors, or managing agents, or other designated persons who consent to testify on its behalf, to give testimony regarding information known or reasonably available to the defendant concerning topics nos. 1, 3, 4, 5, 6, 8, and 9 of plaintiffs' Rule 30(b)(6) deposition notice, dated October 12, 2009. The witness designated must be prepared to testify about information known or reasonably available to the defendant concerning the nine topics as they relate to the operations of State Street Bank during the time period referenced in the notice.

2)      On or before December 18, 2009 defendant shall produce all minutes within its possession, custody or control of meetings of the Corporate Trust Groups of State Street Bank and U.S. Bank, as testified to by Robert Butzier, including though not limited to monthly meetings of the Default Group of the Corporate Trust Department of State Street Bank and similar trienniel meetings of the Corporate Trust Department of U.S. Bank once that entity assumed responsibility for the accounts of State Street Bank, including those of the plaintiffs.  Any documents produced in accordance with this order may be redacted to eliminate references to any customers not relevant to the instant proceedings, and while in producing the documents defendant is waiving the attorney-client privilege with regard to the documents produced, on agreement of the parties and with approval of the court the required production does not result in a broader waiver of the attorney-client privilege extending beyond the minutes produced.

3)      The court finding in good cause to extend the deadline for doing so notwithstanding the requirements of Northern District of New York Local Rule 16.2, permission is hereby granted to plaintiffs to serve up to seventy-five requests for admissions upon defendant, pursuant to

Rule 36 of the Federal Rules of Civil Procedure, on or before December 31, 2009.

    4)    No costs or attorneys' fees are awarded to any party in connection with the pending motion to compel discovery.

                                              /s/ David E. Peebles
                                              David E. Peebles
                                              U.S. Magistrate Judge

Dated:      December 2, 2009
              Syracuse, NY